# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-25-02011-PHX-SPL (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Mehrad Asadieidivand, | |
| Defendant. | |

The Government filed this action seeking an order authorizing the involuntary hydration and medical examination of Defendant Mehrad Asadieidivand, an immigration detainee housed at the Florence Detention Center (Doc. 1). The Government states it is bringing this action pursuant to its obligation to provide medical care in 8 U.S.C. § 1231(f).[1]

The Government also moves for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b). The Court has considered the Complaint, the Motion, and supporting exhibits and concludes that given Defendant's current condition, immediate and irreparable injury is likely to occur before Defendant can be given notice and an opportunity to respond. Specifically, Defendant has refused to eat since June 6, 2025, which required transportation to the hospital when he began experiencing dizziness

---

[1] It is unclear whether § 1231(f) provides an independent source of jurisdiction for this action. But, according to *Ex Parte Prins*, 2024 WL 2749151, at *1 (W. D. Wash. May 29, 2024), the Court has jurisdiction to entertain this action under 28 U.S.C. § 1345 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

and weakness. Lab results from the hospital further reflected acute kidney injury. Under these circumstances, a temporary restraining order pursuant to *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) is appropriate. Further, because of the urgency of the situation, the Court further finds that a temporary restraining order without notice is appropriate to maintain the status quo until Defendant can be heard.

**IT IS THEREFORE ORDERED** the Motion for Temporary Restraining Order (Doc. 5) is **granted**.

**IT IS FURTHER ORDERED** that the Department of Homeland Security, through competent medical personnel may (1) perform involuntary medical monitoring of Defendant, to include physical examination, obtaining weight and vital signs, and collecting blood and urine samples upon which laboratory tests can be conducted, and to perform such laboratory testing; (2) involuntarily hydrate, medicate, and/or provide nutrition to Defendant; and (3) restrain Defendant, if necessary, to accomplish these procedures.

**IT IS FURTHER ORDERED** that the Government must file a status report on Thursday, **June 12, 2025, no later than 5:00 p.m.** After reviewing the status report, the Court will contemplate setting a status hearing or a hearing regarding the continuation of this TRO or a potential preliminary injunction.

**IT IS FURTHER ORDERED** that the Government must personally serve the Summons, Complaint, Motion for Temporary Restraining Order, and this Order on Defendant no later than **June 11, 2025**.

///

///

///

///

///

///

     **IT IS FURTHER ORDERED** that the Government must facilitate Defendant in filing a response to the Motion for Temporary Restraining Order, if he chooses to file one. Such response must be filed with the Government's status report on Thursday, **June 12, 2025**.

     **IT IS FURTHER ORDERED** that the Clerk of Court must issue the Summons, if not already issued.

     Dated this 11th day of June, 2025.

                                                     Honorable Steven P. Logan
                                                     United States District Judge